**IT IS ORDERED as set forth below:**

**Date: March 2, 2018**

_____
Lisa Ritchey Craig
U.S. Bankruptcy Court Judge

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| WC Prime Investors, LLC, | CASE NO.: 18-52904 |
| Debtor. | |

**INTERIM ORDER ON EMERGENCY MOTION TO AUTHORIZE USE OF CASH COLLATERAL**

On February 21, 2018, WC Prime Investors, LLC ("Debtor") filed an Emergency Motion for entry of An Interim Order Authorizing Use of Cash Collateral (the "Motion"). The Motion seeks the entry of an interim order authorizing the use of Cash Collateral (as defined below) on a preliminary basis for the period commencing as of the date of the bankruptcy filing through the time of the final hearing on Cash Collateral. Under that certain Deed to Secure Debt, Assignment

of Leases and Rents, Security Agreement, and Fixture Filing dated as of November 22, 2016, recorded on December 2, 2016, in Deed Book 15398, Page 1683, in the Office of the Clerk of the Superior Court of Cobb County, as affected by that certain First Modification of Note and Deed to Secure Debt dated as May 26, 2017, recorded on June 1, 2017, in Deed Book 15447, Page 843, aforesaid records (collectively, the "Security Deed"), SEHAL III, LLC ("SEHAL") asserts a first-in-priority security interest in and lien against the real property and improvements, as more particularly described in the Security Deed (the "Real Property"), and the accounts, income, revenue, rents and profits generated by Debtor's business and use of the Real Property(the "Cash Collateral").

On February 23, 2018, the Court held a hearing on the Motion. Present at the hearing were Will Geer for Debtor, Lindsay Kolba for the U.S. Trustee, Paul Alexander for SEHAL, and Jon David Huffman for Worthington Condominium Association, Inc. (the "COA").

Debtor acknowledges and agrees that SEHAL has a right to recoup reasonable attorneys' fees from Debtor in connection with this bankruptcy case, to the extent that SEHAL is over-secured; provided, however, that nothing in this Order shall in any way modify, limit or prejudice SEHAL's rights and remedies under the Bankruptcy Code, applicable loan documents, and applicable non-bankruptcy law, and nothing in the Order shall in any way modify, limit or prejudice the rights and remedies of SEHAL against any non-debtor obligor(s).

SEHAL, the COA, and Debtor have agreed to the following terms regarding Debtor's use of Cash Collateral on an interim basis, and such terms appear to be in the best interest of the estate and its creditors; accordingly, it is hereby ORDERED that:

1. For as long as Debtor faithfully performs its obligations under this Order, Debtor shall have the right to use the Cash Collateral, subject to the terms of this Order, until 11:59 p.m. on the date of the Second Cash Collateral Hearing or as otherwise extended by order of this Court.

2. Debtor is authorized to use the Cash Collateral in accordance with the Budget, attached hereto as Exhibit "A" (the line items of which Debtor may modify by no more than ten percent (10%), if reasonable and necessary, without authorization of SEHAL or the Court), and for payment of U.S. Trustee fees or for other matters pursuant to orders entered by this Court after appropriate notice and hearing; <u>provided, however</u>, that any and all payments to the COA shall only be used by the COA to pay for storage unit rental, or for reasonable and necessary costs and expenses directly related to maintaining Debtor's property (e.g. water, sewer, electric, waste disposal, security, insurance, and repairs).

3. Because SEHAL has an interest in revenue and profits which may constitute cash collateral within the meaning of 11 U.S.C. §§ 363 and 552(b) and then used by Debtor in accordance with this Order, SEHAL shall be and hereby is granted adequate protection as follows:

(a) <u>Lien on Post-Petition Collateral</u>. Pursuant to 11 U.S.C. §§ 361, 363, and 552(b), as partial adequate protection for SEHAL's interest in Cash Collateral, to the extent Debtor uses Cash Collateral, SEHAL is granted a valid, attached, choate, enforceable, perfected and continuing security interest in, and liens upon all post-petition assets of Debtor of the same character, type, to the same nature, extent and validity as the liens and encumbrances of SEHAL attached to Debtor's assets pre-petition (the "<u>Post-Petition Collateral</u>"). SEHAL's security interest in, and liens upon, the Post-Petition Collateral shall have the same validity as existed between SEHAL, Debtor and all other creditors or claimants against Debtor's estate on the Petition Date. With respect to the post-petition liens and security interests granted by this Order, SEHAL may, but need not,

take such steps as it deems desirable and applicable to comply with such Statutes, and all financing statements and other documents that are filed listing Debtor as borrower and SEHAL as lender shall be deemed to have been filed and the post-petition liens and security interest granted herein shall be deemed to have been perfected on the Petition Date.  SEHAL is entitled to adequate protection for any diminution in the value of any of its liens on and/or security interests in any property of Debtor (including, without limitation, the Real Property) resulting from the imposition of the automatic stay or any use, sale, consumption or other disposition of such property (whether pursuant to this or any other order of the Court or the Bankruptcy Code, and the liens on Post-Petition Collateral and the March AP Payment (defined below) are granted as partial adequate protection.  The lien on Post-Petition Collateral shall not extend to the proceeds of any avoidance actions received by Debtor or the estate pursuant to sections 544, 547, 548, 549, or 550 of the Bankruptcy Code.

(b) <u>Payment to SEHAL</u>.  As partial adequate protection for Debtor's use of the Cash Collateral, on or before March 10, 2018, Debtor shall deliver to SEHAL a payment in the amount of $10,000.00 (the "<u>March AP Payment</u>").  SEHAL is permitted to apply the March AP Payment to accrued interest owed to SEHAL, or otherwise in accordance with the applicable loan documents and applicable law.

(c) <u>Record Access</u>.  Debtor is directed to provide SEHAL with reasonable access to Debtor's books and records, and to deliver such reports as reasonably requested by SEHAL to the extent allowed or provided under the pre-petition loan documents entered into by the parties; Debtor is further directed to provide certificates evidencing insurance coverage including, without limitation, fire, hazard, comprehensive, public liability, and workmen's compensation as may be currently in effect, and obtain such additional insurance in an amount as is appropriate for the business in which Debtor is engaged, and as is required under the Security Deed naming SEHAL as loss payee and an additional insured with respect to property owned by Debtor, to the extent provided under the pre-petition loan documents.  Debtor shall provide SEHAL with proof of all such insurance coverage, as well as prompt notification of any change in such coverage which may hereafter occur.

(d) <u>Reporting</u>.  Commencing on March 7, 2018, and continuing once every two (2) weeks thereafter while this Order remains in effect, Debtor shall deliver the following written reports to SEHAL:  (i) a report ("<u>Budget Report</u>") of actual income and actual expenses with respect to those categories listed in the Budget (and in such detail that SEHAL may identify the source(s) and amount of income, and type and amount of expenses), covering the prior two-week period ending on the immediately preceding Sunday; (ii) an accounts receivable aging report, updated no less recently than seven (7)

calendar days prior to the date of the report; (iii) an accounts payable aging report, updated no less recently than seven (7) calendar days prior to the date of the report; and (iv) true and correct copies of bank statements for any and all bank accounts used by Debtor, reflecting balances and transactions covering at least the same time period as the Budget Report. The initial Budget Report shall cover from and including February 21, 2018 through and including March 4, 2018. For the avoidance of doubt, the second set of reports under this section will be due March 21, 2018.

(e) <u>Revenue Accounting</u>. Debtor shall deposit and account for all monies and revenue generated from the operations of its business. Subject to payment of the authorized expenses set forth in Paragraph 2 of this Order, said monies and revenue shall be deposited into Debtor's DIP operating account (or such other bank account(s) as may be approved by the Court) and shall not be used for any other purpose.

(f) <u>Collateral Inspection</u>. SEHAL is entitled to review and inspect its collateral at any time upon written notice to Debtor of the date, location and time of the planned inspection and Debtor is directed to cooperate with same.

4. This Order is without prejudice to any of SEHAL's rights and remedies, including but not limited to its right to dispute at any time Debtor's use of the Cash Collateral, seek relief from the stay or dismissal of this Case, and contest the nature, extent, validity or priority of any lien or security interest, and the entry of this Order is not to be interpreted as an agreement by

SEHAL to support or accept the filing of Debtor's bankruptcy petition, any plan of reorganization or disposal of assets under Section 363 of the Bankruptcy Code, or any other proposed treatment of SEHAL's asserted claim(s).

5. This Order is entered without prejudice to the rights of other creditors to seek additional adequate protection or other relief available under the Bankruptcy Code, other applicable law or applicable loan documents.

6. This Order is also entered without prejudice to the claims, rights, and actions that: (A) Debtor may have to challenge the nature, validity, or extent of the liens, security interests or debts asserted by SEHAL; and (B) SEHAL may assert in any action by Debtor to challenge the nature, validity, or extent of the liens, security interests or debts it may assert.

7. Notwithstanding anything herein to the contrary, the lien on Post-Petition Collateral granted to SEHAL hereunder in connection with the use of any of the assets of Debtor and cash collateral shall be subject and junior to the fees of the Office of the United States Trustee pursuant to 28 U.S.C. § 1930.

8. This Order is without prejudice to the rights of creditors, any creditor committee, and any subsequent trustee.

9. Notwithstanding anything to the contrary within Bankruptcy Rule 4001(b)(2) or any other rule of similar import, this Order shall be effective immediately upon its entry.

10. This Order shall constitute an interim order. The Court shall conduct a further hearing on the Motion (the "Second Cash Collateral Hearing") **on the 29th day of March 2018 at 11:00 a.m. in Courtroom 1204, U.S. Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia** at which time the Court will consider the entry of a further order authorizing Debtor to use cash collateral and may schedule a hearing to consider a final order authorizing Debtor to use cash collateral. Your rights may be affected by the Court's ruling on the Motion and related papers.

You should read this Order and the Motion carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in the Motion or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleadings with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two (2) business days before the hearing.  The address of the Clerk's Office is:  Clerk of the United States Bankruptcy Court for the Northern District of Georgia at Room 1340, Richard Russell Federal Building, 75 Ted Turner Drive, Atlanta, Georgia 30303. You must also serve a copy of your response so that such response is received no later than **March 27, 2018,** on the following:  (i) Will B. Geer, Esq., Wiggam & Geer, LLC, 333 Sandy Springs Circle, NE, Suite 225, Atlanta, Georgia 30328, counsel for the Debtor; (ii) Paul Alexander, Esq., Miller & Martin, PLLC, 1170 Peachtree St NW Atlanta, GA 30309 as counsel for SEHAL; and (iii) the  Office of the United States Trustee, 362 Richard Russell Building, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303.

### [End of Order]

**Prepared and presented by:**

  /s/ Will Geer
Will B. Geer
Georgia Bar No. 940493
Wiggam & Geer, LLC
33 Sandy Springs Circle, NE
Suite 225
Atlanta, Georgia 30328
(770) 587-8740 Telephone
(404) 287-2767 Facsimile
wgeer@wiggamgeer.com
Counsel for Debtor

**Consented to by:**

/s/ (w/ express permission by Will Geer)
Paul M. Alexander, Esq.
Georgia Bar No. 009003
(by Will B. Geer, II w/express permission)
Miller & Martin, PLLC
1180 West Peachtree St NW
Suite 2100
Atlanta, GA 30309
Attorneys for SEHAL III, LLC

**Consented to by:**

/s/ (w/ express permission by Will Geer)
Jon David W. Huffman, Esq.
Poole Huffman, LLC
315 W. Ponce de Leon Ave.
Suite 344
Decatur, GA 30030
Attorneys for Worthington Condominium Association, Inc.


**No Opposition:**

/s/ (w/ express permission by Will Geer)
Lindsay Kolba
(by Will B. Geer w/express permission)
Georgia Bar No. 541621
Office of the United States Trustee
362 Richard Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303

Distribution List:

Paul M. Alexander, Esq., Miller & Martin PLLC, 1180 West Peachtree St NW, Suite 2100, Atlanta, GA 30309

Will B. Geer, Esq., Wiggam & Geer, LLC, 333 Sandy Springs Circle, NE, Suite 225, Atlanta, Georgia 30328

Jon David W. Huffman, Esq., Poole Huffman, LLC, 315 W. Ponce de Leon Ave., Suite 344, Decatur, GA 30030

Office of the United States Trustee, 362 Richard Russell Building, 75 Ted Turner Drive, SW, Atlanta, GA 30303

WC Prime Investors, LLC, 1960 Spectrum Circle, Unit 100, Marietta, GA 30067

EXHIBIT "A" FOLLOWS

EXHIBIT "A" – WC Prime Investors, LLC

| Rental Income from 33 Condo Units | $25,000.00 |
|---|---|

| | |
|---|---|
| Property and General Liability Ins. | $676.86 |
| Property Taxes | $2,352.00 |
| Property Management Fee | $3,700.00 |
| Storage Unit Rental (for tenants) (Paid through COA) | $400.00 |
| Maintenance and Repairs | $825.00 |
| Worthington Condo Assoc. Fee | $6,469.14 |
| Pest Control | $252.00 |
| U.S. Trustee Fees | $325.00 |
| Adequate Protection Payment to SEHAL | $10,000.00 |
| Total Expenses | $25,000.00 |