**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case NO.: 18-52904-LRC |
| WC PRIME INVESTORS, LLC | ) | |
| | ) | |
| DEBTOR. | ) | CHAPTER 11 |
| | ) | Jointly Administered |
| _____ | ) | |
| | ) | CONTESTED MATTER |
| WORTHINGTON GEORGIA | ) | |
| HOLDINGS, LLC | ) | |
| | ) | |
| DEBTOR. | ) | |

---

**MOTION BY WORTHINGTON CONDOMINIUM**
**ASSOCIATION, INC., FOR RULE 2004 ORDER REQUIRING**
**PRODUCTION OF DOCUMENTS OF DEBTOR WORTHINGTON**
**GEORGIA HOLDINGS, LLC**

---

Secured creditor Worthington Condominium Association, Inc.,

("Association") moves, pursuant to 11 U.S.C. §105(a), Fed. R. Bankr. P.

2004 and BLR 2004-1, for entry of an Order allowing for the production of

documents by Worthington Georgia Holdings, LLC ("WGH") to the

Association.

I.    BACKGROUND

In September of 2017, the Association filed a detailed 49 page lawsuit against WGH, Debtor WC Prime Investors, LLC ("WCP"), and numerous other named defendants in the Superior Court of Cobb County, State of Georgia, Civil Action File No. 17107272 (the "State Court Action"). The Association's Complaint alleged a multitude of counts, including, among many others, racketeering, fraudulent transfers, conversion, and civil conspiracy.

In response to filing suit against WCP, WGH, and others, WCP and WGH ceased paying their condominium dues as required by the community's covenants and Georgia law. The Association strongly believes that WGH and WCP refused to pay their lawful dues in an attempt to apply pressure on the Association to dismiss its case, or worse, force it into insolvency.

As detailed in the Association's Amended Complaint in the State Court Action, the Association has a strong suspicion that WCP/WGH and other named defendants in the State Court Action have worked in concert to defraud creditors and avoid liabilities, including the Association.

The Association suspects that several of the codebtors and interested parties in this present action are related entities, who have conspired together to pursue their common interest, the hostile takeover of the Worthington Condominium. Due to these concerns, the Association has requested, on numerous occasions, documentation evidencing the nature and relationship of Debtors WCP and WGH, as well as others, to determine if these entities are in fact related.

The Association seeks documentation regarding the structure, ownership, and financial affairs of Debtor WGH, as well as correspondence between its manager(s) and other interested parties to determine if any improper actions or additional fraudulent conveyances have taken place.

As a secured creditor who holds a valid lien on all of WGH's units at the Worthington Condominium, the Association is entitled to the information sought, and requests that this Court grant this Motion.

**II.    ANALYSIS**

Bankruptcy Rule 2004 provides in relevant part:

(a) Examination on Motion.  On motion of any party in interest, the court may order the examination of any entity.

(b) Scope of Examination.  The examination of an entity under this rule ... may relate only to the acts, conduct, or property or liabilities and financial condition of the debtor, or to any other

>matter which may affect the administration of the debtor's
>estate, ….
>
>(c) <u>Compelling Attendance and Production of Documentary
>Evidence</u>.  The attendance of an entity for examination and for
>the production of documents ... may be compelled as provided
>in Rule 9016 for the attendance of a witness at a hearing or
>trial….

Fed. R. Bankr. Proc. 2004.

"It is well-established that the scope of a *Rule 2004* examination is very broad and great latitude of inquiry is ordinarily permitted." *In re GHR Energy Corp.* 35 B.R. 534, 537 (Bankr. D. Mass. 1983); <u>In re Mittco, Inc.</u>, 44 B.R. 35, 36 (Bankr. E.D. Wis. 1984).  "The scope of the examination permitted pursuant to Rule 2004 is wider than that allowed under the Federal Rules of Civil Procedure and can legitimately be in the nature of a 'fishing expedition.'" <u>In re J. Bradley Fearn</u>, 96 B.R. 135, 137 (Bankr. E.D. Ohio 1989) (citations omitted).

The Association seeks specifics regarding the structure and ownership of WGH, as well as communications between WCP, WGH and Sehal III, LLC, and financial information from WGH since its inception to the present. These documents have the potential to effect both the Association's lien priority, as well as evidence impropriety on behalf of the Debtors.

The Association has been unsuccessful in obtaining this information informally, or through the State Court Action, as WGH and WCP filed for bankruptcy protection a few days prior to their discovery responses being due, and also strenuously objected to the Association's efforts to obtain any information regarding their financial affairs or inner workings. Therefore, the Association requests a court order allowing it to serve a subpoena upon WGH which formally requests documents.

## **REQUESTED RELIEF**

1.   The Association seeks an order which requires WGH, upon proper service of a subpoena and a copy of the order:

(i)    to produce documents pursuant to the document request set forth in Exhibit "A" attached hereto, not later than ten (10) days following service thereof (unless otherwise agreed or ordered by the court).

The Association requests that the court inquire into and grant its motion.

Respectfully submitted this 6th day of March, 2018.

POOLE HUFFMAN, LLC

/s/ *Jon David W. Huffman*
Jon David W. Huffman
Georgia Bar No. 937966
Scott B. McMahan

Georgia Bar No. 706240
Timothy J. Guilmette
Georgia Bar No. 624309
315 W. Ponce de Leon Ave.
Suite 344
Decatur, GA 30030
(404) 373-4008
jondavid@poolehuffman.com
scott@poolehuffman.com
tim@poolehuffman.com
Attorneys for Worthington
Condominium Association, Inc.

**EXHIBIT A**

**SCHEDULE OF DOCUMENTS TO BE PRODUCED**

**I. Definitions**

**INSTRUCTIONS AND DEFINITIONS**

**INSTRUCTIONS**

1.      This request shall not be deemed to call for identical copies of documents. A document with handwritten notes, editing marks, or any other mark which differentiates the documents shall not be deemed identical to one without such modifications, additions or deletions.

2.      Each document produced pursuant to this request is to be identified in such production by the paragraph of the request with respect to which it is produced.

3.      If WGH does not produce any document because of a claim of privilege or protection, state the nature of the privilege or protection claimed, and identify the document by stating:

      a.      all persons or entities preparing and receiving such document(s);

      b.      the date of such document(s);

      c.      the general subject matter of such document(s); and

    d.    a brief statement of facts upon which you rely to support the claim of privilege or protection.

4.    Whenever a requested document or file or group of documents or files are kept or found in a file, file drawer, file box or other place, before the same is produced, attach thereto a label, number or title on the file, the file drawer, file box or other place from which the document or file was found or removed.

5.    Any documents that exist in electronic form are specifically requested to be produced in native or near-native formats, unless it is necessary to translate certain documents and data compilations into a reasonably useable form. Documents should not be converted to an imaged format (e.g. .TIFF or .PDF) unless such document must be redacted to remove privileged content or the document does not exist within your care, custody, or control in a native electronic format. Native format requires production in the same format in which the information was customarily created, used, and stored by you. The table below supplies examples of the native or near-native forms in which specific types of electronically stored information (ESI) should be produced:

| SOURCE ESI | NATIVE (OR NEAR-NATIVE) FORM(S) SOUGHT |
|---|---|
| Microsoft Word documents | .DOC, .DOCX |
| Microsoft Excel Spreadsheets | .XLS, .XLSX |
| Microsoft PowerPoint Presentations | .PPT, .PPTX |
| Microsoft Access Databases | .MDB |
| WordPerfect documents | .WPD |
| Adobe Acrobat Documents | .PDF |
| Photographs | .JPG |
| E-mail | Messages should be produced to preserve and supply the source RFC 2822 content of the communication and attachments in a fielded, electronically searchable format. For Microsoft Exchange or Outlook messaging, .PST format will suffice. Single message production formats like .MSG or .EML may be furnished, if source folder data is preserved and produced. If your workflow requires that attachments be extracted and produced separately from transmitting messages, attachments should be produced in their native forms with parent/child relationships to the message and container(s) preserved and produced. |

9

| Databases (excluding e-mail systems) | Unless the entire contents of a database are responsive, extract responsive content to a fielded and electronically searchable format preserving metadata values, keys, and field relationships. If doing so is not feasible, please identify the database and supply information concerning the schemas and query language of the database, along with a detailed description of its export capabilities, to enable Plaintiffs to develop a query sufficient to identify, extract, and export responsive data. |

6.  These requests for production of documents shall be deemed continuous, and require supplementation with information acquired after the response as if a supplemental request was served.

## DEFINITIONS

As used herein, the following words and terms shall have the following definitions:

1.  "Document" or "documents" is used in its broadest sense, and shall mean all tangible items and all electronic, written, printed, typed, recorded, transcribed, punched, taped, or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated, or made, including, but not limited to, writings, records, correspondence, communications, letters, diaries, diary entries, logs,

schedules, contracts, cost reports, payroll ledgers, telegrams, telexes,

memoranda, notes, reports, bulletins, summaries, or other records of

telephone or personal conversations, minutes or summaries of telephone or

personal meetings and conferences, instructions, literature, work

assignments, agreements, subcontracts, interoffice or intraoffice

communications, electronic mail, microfilm, notebooks, calendars,

appointment books, circulars, pamphlets, projections, studies, estimates,

charts, lists, tables, computer runs, tabulations, printouts, notices, books,

checks, credit card vouchers, statements of account, receipts, invoices,

graphs, photographs, photocopies, drafts, data sheets, data compilations,

computer data compilations, statistics, worksheets, speeches or other

writings, and tape recordings, and shall mean the original, copy, or any non-

identical copy or draft version, regardless of origin or location.

  2. All terms used are given the meaning as defined in the

Worthington Condominium Association, Inc.'s Complaint filed in the State

Court Action.

  3. As used herein, the terms "WGH," "you," "your" or any

synonym thereof, is intended to and shall include and embrace, Worthington

Georgia Holdings, LLC, its members, officers, directors, agents, managers,

representatives, attorney's, employees and all others who act on behalf and at the direction of WGH.

4.     The term "Worthington Condominium" shall mean and refer to the Worthington Condominium located in Cobb County, Georgia, containing all that land and property identified and subject to the Declaration of Condominium for Worthington Condominium, recorded in Deed Book 13594, Page 2691, *et seq*., of the Cobb County, Georgia land records, as amended or supplemented.

5.     Any undefined terms shall be defined by the Federal Rules of Civil Procedure, Federal Rules of Evidence, or common usage.

## **DOCUMENTS REQUESTED**

The documents and things to be produced are to be as follows:

1.     Any and all records, documents, memoranda and correspondence of all accounts, including but not limited to monthly bank statements, cancelled checks and deposit slips, for all accounts including checking and savings accounts with any banks, savings and loans, credit unions, money markets, brokerage firms or other financial institutions maintained by WGH, either individually and/or jointly with any other person or entity, from WGH's inception to the present.

12

2.    Any and all records, documents, memoranda, emails and other correspondence relating to evidence of property, and/or interest in property, of every kind and character whatsoever owned by WGH, individually or with any other person or entity, including but not limited to any reversionary interests, deeds, stock certificates, bonds, notes, mutual fund shares, corporate agreements, partnership agreements, profit sharing and pension plan statements, savings account passbooks, savings certificates and money market accounts since WGH's inception to the present.

3.    Any and all warranty deeds, quit claim deeds and deeds to secure debt which name WGH as grantee or grantor, individually and/or jointly with any other person or entity, relating to any property in which WGH has, or had, any interest or equity for the period since WGH's inception to the present.

4.    Any and all records, documents, memoranda and correspondence, which evidence or relate to the ownership of WGH, including without limitation, operating agreements, membership list, articles of organization, charters, membership agreements, bylaws, certificates of ownership, and all versions of such documents, in native form, including all

13

drafts, deletions, revisions, and final versions, for the period since WGH's inception through present.

5.      Any and all records, documents, memoranda and correspondence which evidence or relate to all assets, including without limitation, real property owned or inuring to the benefit of WGH, for the time period since WGH's inception to the present.

6.      Any and all records, documents, memoranda, correspondence, stock certificates, bond certificates, mutual fund certificates and any other evidence of ownership of any interest in any corporation, limited liability company, partnership, joint-venture, association, or other similar entity in which WGH is an owner, partner, member or stockholder, for the period since WGH's inception to the present.

7.      A list of all assets acquired, sold, transferred, owned, held by, or inuring to the benefit of WGH from its inception through present.

8.      Any and all records, documents, memoranda and correspondence relating to any financial statements or net worth statements submitted by WGH to any bank, lending institution or any other entity for the period since WGH's inception to the present, including documents

submitted to Sehal III, LLC, WH2, Inc. and Tax Relief Investments, L.P.
which pertain to the lending of funds to WGH.

9.      Any and all correspondence, emails, letters, text messages or
other communications in native tangible or electronic form between WGH
and all persons or entities in which the Worthington Condominium, units
located at the Worthington Condominium, or the financing, sale acquisition,
transfer or conveyance of units at the Worthington Condominium, or any of
the following entities and persons are mentioned, considered, referenced or
discussed for the period from WGH's inception to the present:

a.   Sehal III, LLC

b.   WH2, Inc.

c.   Braintree Holdings 26, LLC

d.   WC Prime Investors, LLC

e.   Worthington Condominium Association, Inc.

f.   Unit 1962-540, LLC

g.   John Eric Reaves a/k/a Eric Reaves

h.   Samuel Lloyd

i.   Stuart Sylvester

j.   Satilla Capital Partners, LLC

k.   Alex Livingston

l.   Bradford Properties, Inc.

15

m.   Lawrence Forester

n.   Michael Swinehart

o.   Terry Cornett

p.   Tax Relief Investments, LP

q.   Debt Resolutions Services, Inc.

r.   Home Team, Inc.

s.   NTD1, Inc.

t.   Stuart Sylvester as Trustee for of the Worthington R12 Trust Dated August 23, 2012

u.   WCA Special Services, LLC

v.   Goodrich Booth Pratt a/k/a GB Pratt

w.   Thomas Roberts

10.    Any and all agreements, contracts, letters of intent, and statements of understanding or other tangible or electronic documents evidencing contractual relationships or agreements by and between WGH and any of the persons or entities identified in request number 9 above.

11.    Any and all statements, documents, analysis, opinion letters, and guarantees provided to any lender, financial institution, or financier regarding units owned, controlled, or inuring to the benefit of WGH, located at the Worthington Condominium, in Cobb County, Georgia, for the period since WGH's inception to the present.

12.    Any and all records, documents, memoranda, correspondence, deeds, deeds to secure debt, agreements, contracts or invoices relating to the purchase, sale, mortgage, encumbrance or transfer of any assets owned, controlled or possessed by WGH for the period since WGH's inception to the present.

13.    Any and all documents, contracts, memoranda, invoices, bills, receipts or other tangible or electronic documents relating to all repair, renovation and construction services, and materials and labor, incurred on all units owned by WGH located at the Worthington Condominium, in Cobb County, Georgia, for the period since WGH's inception to the present. When responding to this request, please identify which documents pertain to which units, if not self-evident from the document itself.

14.    Any and all documents, contracts, or proposed contracts, relating to the sale or purchase of any goods or services by WGH for the period since WGH's inception to the present.

15.    Copies of any real estate tax bills, notices or assessments received by WGH for the period since WGH's inception to the present.

16.    Any and all records, documents, memoranda and

17

correspondence relating to the financial affairs of WGH, including but not

limited to, profit and loss statements, audits, financial statements, year-end

income and expense statements, account ledgers, and balance sheets of

WGH, for the period since WGH's inception to the present.

17.    Any and all bonds, coupons, notes, certificates of deposits, or

other securities, instruments, or choses in action owned by WGH,

individually or jointly with any other person or entity, for the period since

WGH's inception to the present.

18.    Any and all copies of income tax returns, corporate tax returns,

partnership tax returns, sales and use tax returns, and/or intangible tax

returns, and any other form of federal, state, or municipal government tax

returns filed by WGH, individually or jointly with any other person or entity,

for the period since WGH's inception to the present.

19.    Any and all records, documents, memoranda and

correspondence which relate to any assets owned, controlled or possessed by

WGH for the period since WGH's inception to the present.

20.    Any and all records, documents, memoranda, correspondence,

deeds, agreements, contracts or invoices relating to the purchase, sale,

mortgage, encumbrance or transfer of any assets owned, controlled or possessed by WGH for the period since WGH's inception to the present.

21.    Any and all records, documents, memoranda, correspondence, deeds, agreements, contracts or invoices pertaining to a leasehold or ownership of any real property by WGH since its inception to the present.

22.    Any and all records, documents, letters, emails and memoranda maintained by WGH relating to discussions, communications, and all other interactions between WGH and the Worthington Condominium Association, Inc. and Jim Leveritt for the period since WGH's inception to the present.

23.    Any and all records, documents, letters, memoranda, contracts, emails and other communications, and agreements relating to Sam Lloyd's or Thomas Robert's scope of representation, duties, authority, and responsibilities with regards to the management of WGH for the period since WGH's inception to the present.

24.    Any and all records, documents, letters, memoranda, contracts, emails and other communications, and agreements relating to all managers and their duties and responsibilities with regards to the management of WGH for the period since WGH's inception to the present.

19

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the **MOTION BY WORTHINGTON CONDOMINIUM ASSOCIATION, INC., FOR RULE 2004 ORDER REQUIRING PRODUCTION OF DOCUMENTS OF DEBTOR WORTHINGTON GEORGIA HOLDINGS, LLC** using the CM/ECF system, which will automatically send email notification of such filing to the following:

Will B. Geer
Attorney for WGH/WCP

Office of United States Trustee

And, all other interested parties.

This the 6th day of March, 2018.

POOLE HUFFMAN, LLC

/s/ *Jon David W. Huffman*
Jon David W. Huffman
Georgia Bar No. 937966
Scott B. McMahan
Georgia Bar No. 706240
Timothy J. Guilmette
Georgia Bar No. 624309
315 W. Ponce de Leon Ave.
Suite 344
Decatur, GA 30030

(404) 373-4008
jondavid@poolehuffman.com
scott@poolehuffman.com
tim@poolehuffman.com
Attorneys for Worthington
Condominium Association, Inc.