UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: § | CHAPTER 11 |
| § | |
| WC Prime Investors, LLC and Worthington § | CASE NO. 18-52904 |
| Georgia Holdings, LLC, § | |
| § | |
| Debtors. § | |

## MOTION FOR RULE 2004 EXAMINATION

COMES NOW, WC Prime Investors, LLC ("WC Prime") and Worthington Georgia Holdings, LLC ("WGH"), by and through counsel, moves this Court for the entry of an order directing Phil Smith, as President and a board member of the Worthington Condominium Association, Inc.(the "COA"), and an authorized representative of Homeside Properties, Inc. ("Homeside"), to submit to an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, and in support thereof shows the following:

1. The COA asserts a secured claim against the Debtors based upon, among other things, late fees, unpaid association dues, attorneys' fees, and penalties for leasing units without a proper permit. Homeside is the property management company of the COA and is responsible for completing and maintaining the COA's books and records. Debtors require a 2004 examination of the COA and Homeside to inquire as to the COA's claims against the Debtors and to inquire as to the claims Debtors have against the COA.

2. The COA has acknowledged that certain post-petition collection activities have occurred in violation of the automatic stay, including collection of post-petition rents owed to the Debtors. Moreover, Debtors are aware that a representative of the COA, post-petition, enticed one of the Debtors' tenants to breach their lease with the Debtors and move into a unit owned by the COA. As counsel for the COA acknowledged at the February 23, 2018 hearing on Debtors' motions to authorize use of cash collateral, the COA also collected rents pre-petition that would, at the very least, be subject to preference action or a claim for conversion.

3. Debtors are a "party in interest" as that term is referenced in Rule 2004(a). Debtors have potential claims against the COA that would be assets of the bankruptcy estate that it needs to investigate through the use of this 2004 examination.

4. The information Debtors seek is appropriate and within the scope and purposes of Bankruptcy Rule 2004, which provides, in relevant part, as follows:

> The examination of an entity under this rule or of the debtor under §343 of the Code may relate only to the **acts, conduct, or property or to the liabilities** and financial condition of the debtor, or to any matter which **may affect the administration of the debtor's estate**, or to the debtor's right to a discharge. In . . . a reorganization case under chapter 11 of the Code, other . . . the examination may also relate to the operation of any business and the desirability of its continuance, **the source of any money or property acquired or to be acquired by the debtor** for purposes of consummating a plan and the consideration given or offered therefor, and **any other matter relevant to the case** or to the formulation of a plan.

The purpose of this 2004 Examination relates the Debtor's "acts, conduct or property or to the liabilities and financial condition of the debtor." Rule 2004(b). An examination pursuant to Rule 2004(a) is necessary to obtain information about this creditor's potential claims and how they would affect the administration of the bankruptcy estate. Moreover, Debtors assert claims against the COA that would constitute assets of the bankruptcy estate and a potential source of income or property to fund a plan of reorganization.

Additionally, Debtors are concerned that the COA is being grossly mismanaged. The COA is responsible for the maintenance, repairs, and utilities of the common areas, providing residents with access cards, and, among other things, maintaining insurance that covers damage to the exterior and structural aspects of the properties. If the COA is being mismanaged as Debtors suspect, it will directly impact the value of the real property and the value of secured creditors' claims.

Debtors have requested financials from the COA and Homeside pursuant to the COA's bylaws and have been rebuffed. Even more troubling is the fact that requests for an accounting of the rents taken by the COA pre and post-petition have been ignored.

5. The scope of inquiry is broad because "[t]he purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred." *In re Recoton Corp.*, 307 B.R. 751, 755 (S.D. N.Y. 2004). As Debtors are attempting to investigate its potential liabilities and assets, the scope of discovery that Debtors seek is well within the confines of discovery allowable under Rule 2004.

6. Fed. R. Bankr. P. 2004(c) provides that "the attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial." Rule 9016 of the Fed. R. Bankr. P. incorporates Rule 45 F.R. Civ. P. with regards to subpoenas. A copy of the subpoenas that will be issued to the COA and Homeside are attached hereto as Exhibits "A" and "B".

7. This Motion under Rule 2004 may be heard *ex parte*. *See, generally*, 2 Collier, Bankruptcy, paragraphs 343.02, 343.08, 343.13.

8. Debtor request that the Court order Phil Smith as President and a board member of the COA and an authorized representative of Homeside to appear on or before March 23, 2018, at a time to be agreed upon by both parties at a mutually agreeable location in the metro Atlanta area for examination pursuant to Federal Rule of Bankruptcy Procedure 2004 and for both entities to produce the documents requested in the subpoenas attached hereto as Exhibits A and B. The examination will be taken before an officer authorized to administer the oath and will continue from day to day thereafter until completed.

9. Debtors further request an order compelling the COA and Homeside to produce, within five (5) business days of the scheduled examination, all documents requested in the subpoenas attached hereto as Exhibits A and B, respectively.

10. A copy of the proposed Order is attached hereto as Exhibit "C".

WHEREFORE, Debtors respectfully request the following relief:

1. That Phil Smith, as President/Board Member of the COA, and an authorized

representative of Homeside be required and ordered to submit and appear on or before March 23, 2018, at the law offices of Wiggam & Geer, LLC, 50 Hurt Plaza, NE, Suite 1245, Atlanta, GA 30303, or a mutually convenient location and time as agreed upon by the parties for examination pursuant to Federal Rule of Bankruptcy Procedure 2004; and

2. That the COA and Homeside be required to produce the documents requested in the subpoenas attached to this Motion as Exhibits "A" and "B"; and

3. That Debtors be granted such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Will Geer
Ga Bar No. 940493
Wiggam & Geer, LLC
wgeer@wiggamgeer.com

Wiggam & Geer, LLC
333 Sandy Springs Circle, NE
Suite 225
Atlanta, Georgia 30328
Telephone: 678-587-8740
Facsimile:  404-287-2767

Prepared and submitted by:

    /s/
Will B. Geer
Georgia Bar No. 940493
Wiggam & Geer, LLC
333 Sandy Springs Circle, NE
Suite 225
Atlanta, Georgia 30328
T: 678-587-8740
F: 404-287-2767
wgeer@wiggamgeer.com

# UNITED STATES BANKRUPTCY COURT

Northern District of Georgia

In re: WC Prime Investors, LLC and Worthington Georgia Holdings, LLC
Debtor

Case No. 18-52904
Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Worthington Condominium Association, Inc.

*(Name of person to whom the subpoena is directed)*

[X] *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Wiggam & Geer, LLC<br>50 Hurt Plaza<br>Suite 1245<br>Atlanta, GA 30303 | March 23, 2018 at 10:00 a.m. |

The examination will be recorded by this method: stenographic and/or video

[X] *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Exhibit "A"; Production Due March 18, 2018 by 5:00 p.m.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 3/7/2018

CLERK OF COURT

_____    OR    _____
Signature of Clerk or Deputy Clerk            Attorney's signature

The name, address, email address, and telephone number of the attorney representing *(name of party)* WC Prime Investors, LLC , who issues or requests this subpoena, are:

Will Geer; wgeer@wiggamgeer.com; 333 Sandy Springs Circle, NE, Suite 225, Atlanta, GA 30328; 678-587-8740

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

 *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

 *(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 *(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 *(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 *(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## Exhibit "A" to Subpoena to Worthington Condominium Association, Inc.

### Instructions

A. **All Documents available in electronic format should be produced in that format.**

B. If you assert a claim of privilege or work product protection in objecting to any request for production, identify with respect to each Document the nature and basis of the privilege claimed, and provide as much of the following information as is not encompassed by the privilege: its type; its general subject matter and purpose; its date; the names of persons making or receiving the Document or a copy thereof; and any other information needed to determine the applicability of the privilege or protection.

C. If any request for production is unclear, please contact the undersigned counsel and, if possible, the request for production will be clarified in a reply letter. Any such reply letter may be treated as a modification of the request for production.

D. If any Document within the scope of a request for production was at one time in existence and under your possession, custody or control, but has been lost, discarded or destroyed, or has been removed from your possession, custody or control, then with respect to each such Document:

(a) Identify (as defined herein below) such Document by date, title, and type of Document;

    (b)    state when each such Document was most recently in the possession or subject to the control of Plaintiff and what disposition was made of such Document, including an identification of the person, if any, presently in possession or control of such Document;

    (c)    state when such Document was transferred or destroyed, identify the person who transferred or destroyed such Document and the persons who authorized or directed that the Document be transferred or destroyed or having knowledge of its transfer or destruction and state the reason such Document was transferred or destroyed; and

    (d)    identify all persons having knowledge of the contents thereof.

E.    These document requests shall be continuing in nature, and you are required to serve supplemental answers as additional information may become available to you.

F.    In any of the following requests for production, the use of the singular form of any word includes the plural and vice versa.

## Definitions

(1)    As used herein, "you," or "your" shall mean Worthington Condominium Association, Inc. (the "COA"), and includes every agent, employee, trustee, attorney, servant or any other person presently or formerly acting for or on the COA's behalf.

(2)    As used herein, "Bankruptcy Code" shall mean Title 11, United States Code.

(3)    As used herein, "Communication" shall mean any transmission of information, including orally, in writing, or electronically.

(4) As used herein, "Concerning" shall mean relating to, referring to, describing, evidencing, supporting, or constituting.

(5) As used herein, "Document" is defined to be synonymous in meaning and equal in scope with the broadest usage of this term in Federal Rule of Civil Procedure 34, and specifically includes Electronically Stored Information. A draft or non-identical copy is a separate Document within the meaning of this term.

(6) As used herein, "Electronically Stored Information" is defined to be synonymous in meaning and equal in scope with the broadest usage of this term in the Federal Rules of Civil Procedure, and also includes, but is not limited to, originals and all copies of electronic mail ("e-mail"); activity listings of electronic mail receipts and/or transmittals; voice-mail; audio or video recordings of any kind; computer programs (whether private, commercial, or a work-in-progress); programming notes or instructions; output resulting from the use of any software program, including word processing Documents, spreadsheets, database files, charts, graphs, and outlines; operating systems; source code of all types; PDF files; batch files; ASCII files; and all miscellaneous electronic files and/or file fragments, regardless of the media on which they are stored and regardless of whether the data resides in an active file, stored file, backup file, deleted file, or file fragment. Electronically Stored Information includes any and all information stored in hard disks, floppy disks, CD-ROM disks, Bernoulli disks and their equivalents, magnetic tapes of all kinds, and computer chips (including, but not limited to, EPROM, PROM, RAM, and ROM) and includes but is not limited to back up files. Electronically Stored Information also includes the file, folder tabs, containers or labels appended to any storage device containing electronic data.

**Document Requests**

1. Any and all documents or communications regarding any resolutions adopted by either the COA's members or Board of Directors increasing or decreasing the number of directors or the classification of directors, or relating to the characteristics, qualifications, rights, limitations, and obligations of members or any class of members.

2. Any and all documents and communications regarding any resolutions adopted by either the COA's members or Board of Directors relating to the characteristics, qualifications, rights, limitations, and obligations of members or any class or category of members.

3. Any and all documents and communications regarding the minutes of all meetings of members and records of all actions approved by the members for the past three (3) years.

4. Any and all documents and communications regarding all written communications to members generally within the past three (3) years, including financial statements furnished for the past three (3) years.

5. A list of the names and business or home addresses of the current directors and officers.

6. A copy of all insurance policies covering the properties located at 1960 and 1962 Spectrum Circle, Marietta, GA 30067.

7. Any documents or communications with any party, including, but not limited to, claims adjusters, agents, insurance companies, and third parties, related to the April, 2017 sprinkler discharge incident.

8. Any and all documents that support any claims that the COA may have against either Debtor.

9. The following documents from January 1, 2017 to the Present (the names of each of the below documents in subsections A through H correspond with the title of the document that Debtors and other members have received in the past when making a request for financial records pursuant to the Bylaws of the COA. If the nomenclature has changed, provide the document that provides substantially the same information):

A) Balance Sheet

B) Revenue and Expense Statement – Operating

C) Revenue and Expense Statement - Reserve

D) Income Statement Detail – Operating

E) Income Statement Detail – Reserve

F) All bank statements associated with the period financials

G) Deposit Register

H) Cash Disbursement Register

I) Any and all Underlying Transaction Documents, including, but not limited to:

   1) Related Invoices

   2) Expenses Reports

   3) Timesheets

   4) Attorneys' Invoices

   5) Any invoice or supporting document for any charge or disbursement referenced or listed on any of the documents requested in A – H of this document request.

J) All outstanding unpaid invoices.

# UNITED STATES BANKRUPTCY COURT

_____Northern_____ District of _____Georgia_____

In re: WC Prime Investors, LLC and Worthington Georgia Holdings, LLC
        Debtor

Case No. 18-52904

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Homeside Properties, Inc.
*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Wiggam & Geer, LLC<br>50 Hurt Plaza<br>Suite 1245<br>Atlanta, GA 30303 | March 23, 2018 at 10:00 a.m. |

The examination will be recorded by this method: stenographic and/or video

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Exhibit "A"; Production Due March 18, 2018 by 5:00 p.m.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 3/7/2018

CLERK OF COURT

_____        OR        _____/s/ Will Geer_____
Signature of Clerk or Deputy Clerk                        Attorney's signature

The name, address, email address, and telephone number of the attorney representing *(name of party)* WC Prime Investors, LLC, who issues or requests this subpoena, are:

Will Geer; wgeer@wiggamgeer.com; 333 Sandy Springs Circle, NE, Suite 225, Atlanta, GA 30328; 678-587-8740

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**Exhibit "A" to Subpoena to Homeside Properties, Inc.**

**Instructions**

A. **All Documents available in electronic format should be produced in that format.**

B. If you assert a claim of privilege or work product protection in objecting to any request for production, identify with respect to each Document the nature and basis of the privilege claimed, and provide as much of the following information as is not encompassed by the privilege: its type; its general subject matter and purpose; its date; the names of persons making or receiving the Document or a copy thereof; and any other information needed to determine the applicability of the privilege or protection.

C. If any request for production is unclear, please contact the undersigned counsel and, if possible, the request for production will be clarified in a reply letter. Any such reply letter may be treated as a modification of the request for production.

D. If any Document within the scope of a request for production was at one time in existence and under your possession, custody or control, but has been lost, discarded or destroyed, or has been removed from your possession, custody or control, then with respect to each such Document:

(a) Identify (as defined herein below) such Document by date, title, and type of Document;

(b) state when each such Document was most recently in the possession or subject to the control of Plaintiff and what disposition was made of such Document, including an identification of the person, if any, presently in possession or control of such Document;

(c) state when such Document was transferred or destroyed, identify the person who transferred or destroyed such Document and the persons who authorized or directed that the Document be transferred or destroyed or having knowledge of its transfer or destruction and state the reason such Document was transferred or destroyed; and

(d) identify all persons having knowledge of the contents thereof.

E. These document requests shall be continuing in nature, and you are required to serve supplemental answers as additional information may become available to you.

F. In any of the following requests for production, the use of the singular form of any word includes the plural and vice versa.

**Definitions**

(1) As used herein, "you," or "your" shall mean Homeside Properties, Inc. ("Homeside"), and includes every agent, employee, trustee, attorney, servant or any other person presently or formerly acting for or on the Homeside's behalf.

(2) As used herein, "Bankruptcy Code" shall mean Title 11, United States Code.

(3) As used herein, "COA" shall mean Worthington Condominium Association, Inc.

(4)  As used herein, "Communication" shall mean any transmission of information, including orally, in writing, or electronically.

(5)  As used herein, "Concerning" shall mean relating to, referring to, describing, evidencing, supporting, or constituting.

(6)  As used herein, "Document" is defined to be synonymous in meaning and equal in scope with the broadest usage of this term in Federal Rule of Civil Procedure 34, and specifically includes Electronically Stored Information.  A draft or non-identical copy is a separate Document within the meaning of this term.

(7)  As used herein, "Electronically Stored Information" is defined to be synonymous in meaning and equal in scope with the broadest usage of this term in the Federal Rules of Civil Procedure, and also includes, but is not limited to, originals and all copies of electronic mail ("e-mail"); activity listings of electronic mail receipts and/or transmittals; voice-mail; audio or video recordings of any kind; computer programs (whether private, commercial, or a work-in-progress); programming notes or instructions; output resulting from the use of any software program, including word processing Documents, spreadsheets, database files, charts, graphs, and outlines; operating systems; source code of all types; PDF files; batch files; ASCII files; and all miscellaneous electronic files and/or file fragments, regardless of the media on which they are stored and regardless of whether the data resides in an active file, stored file, backup file, deleted file, or file fragment.  Electronically Stored Information includes any and all information stored in hard disks, floppy disks, CD-ROM disks, Bernoulli disks and their equivalents, magnetic tapes of all kinds, and computer chips (including, but not limited to, EPROM, PROM, RAM, and ROM) and includes but is not limited to back up files.  Electronically Stored Information also

includes the file, folder tabs, containers or labels appended to any storage device containing electronic data.

## Document Requests

1. Any and all documents or communications regarding any resolutions adopted by either the COA's members or Board of Directors increasing or decreasing the number of directors or the classification of directors, or relating to the characteristics, qualifications, rights, limitations, and obligations of members or any class of members.

2. Any and all documents and communications regarding any resolutions adopted by either the COA's members or Board of Directors relating to the characteristics, qualifications, rights, limitations, and obligations of members or any class or category of members.

3. Any and all documents and communications regarding the minutes of all meetings of members and records of all actions approved by the members for the past three (3) years for the COA.

4. Any and all documents and communications regarding all written communications to members generally within the past three (3) years, including financial statements furnished for the past three (3) years for the COA.

5. A copy of all insurance policies held by the COA covering the properties located at 1960 and 1962 Spectrum Circle, Marietta, GA 30067

6. Any and all documents related to any contract between you and the COA.

7. Any documents or communications with any party, including, but not limited to, claims adjusters, agents, insurance companies, and third parties, related to the April, 2017 sprinkler discharge incident that occurred at the Worthington condominium complex.

8. The following documents from January 1, 2017 to the Present (the names of each of the below documents in subsections A through H correspond with the title of the document that Debtors and other members have received in the past when making a request for financial records pursuant to the Bylaws of the COA. If the nomenclature has changed, provide the document that provides substantially the same information):

A) Balance Sheet

B) Revenue and Expense Statement – Operating

C) Revenue and Expense Statement - Reserve

D) Income Statement Detail – Operating

E) Income Statement Detail – Reserve

F) All bank statements associated with the period financials

G) Deposit Register

H) Cash Disbursement Register

I) Any and all Underlying Transaction Documents, including, but not limited to:

    1) Related Invoices

    2) Expenses Reports

    3) Timesheets

    4) Attorneys' Invoices

    5) Any invoice or supporting document for any charge or disbursement referenced or listed on any of the documents requested in A – H of this document request.

J) All outstanding unpaid invoices.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| WC Prime Investors, LLC and Worthington Georgia Holdings, LLC, | § § § | CASE NO. 18-52904 |
| | § | |
| Debtors. | § | |

### PROPOSED ORDER GRANTING REQUEST FOR 2004 EXAMINATION

On March 7, 2018, WC Prime Investors, LLC and Worthington Georgia Holdings, LLC, the Debtors and debtor- in-possessions in the above-styled, jointly-administered case, filed their Motion for 2004 Examination of Worthington Condominium Association, Inc. (the "COA") and Homeside Properties, Inc. ("Homeside") (the "Motion"), seeking entry of an order compelling the COA and Homeside to each produce an authorized corporate representative of the COA and Homeside with knowledge of the documents requested and matters at issue to appear at a mutually agreeable location in Atlanta, Georgia for an examination under Rule 2004 of the Bankruptcy Rules. The Motion having been read and considered and cause having been shown, it is hereby

**ORDERED** that the Motion is **GRANTED** to permit that examination by Debtors and any party-in-interest in accordance with Fed. R. Bankr. P. 2004(b) of Phil Smith as President and board member of the COA and an authorized corporate representative with knowledge of the documents requested and matters at issue of Homeside, and that those individuals shall appear for examination on or before March 23, 2018 at the law offices of Wiggam & Geer, LLC, 50 Hurt Plaza, Suite 1245, Atlanta, GA 30303, or a mutually agreeable time and location.

**FURTHER ORDERED** that the COA and Homeside shall produce, within five (5) business days prior to the scheduled examination, all documents requested in the subpoenas attached to the Motion.

-END OF DOCUMENT-