# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | CHAPTER 11 |
| WC PRIME INVESTORS, LLC ) | Jointly Administered |
| ) | |
| DEBTOR. ) | CASE NO.: 18-52904-lrc |
| _____) | |
| ) | CONTESTED MATTER |
| WORTHINGTON GEORGIA ) | |
| HOLDINGS, LLC ) | |
| ) | |
| DEBTOR. ) | |

## MOTION BY WORTHINTONG CONDOMINIUM ASSOCIATION, INC., FOR RULE 2004 ORDER REQUIRING PRODUCTION OF DOCUMENTS OF SEHAL III, LLC

Secured creditor Worthington Condominium Association, Inc., ("Association") moves, pursuant to 11 U.S.C. §105(a), Fed. R. Bankr. P. 2004 and BLR 2004-1, for entry of an Order allowing for the oral examination and production of documents by Sehal III, LLC ("Sehal") to the Association.

### I.     BACKGROUND

Sehal III, LLC is listed on both Debtor WC Prime Investors, LLC's ("WCP"), and Worthington Georgia Holdings, LLC's ("WGH") (collectively the "Debtors") petitions as a secured creditor to the Debtors. The Association has

alleged that the Debtors in this present case have fraudulently conveyed assets amongst themselves to the detriment of creditors.

The Association desires to examine Sehal to determine if the Association or any other creditors have potential claims against it as well as the Debtors in this present action for fraudulent conveyances, preference payments, and other claims that may have a significant impact on the Debtors' estates.

The Association suspects that several of the codebtors, and other interested parties in this present action, are related entities and insiders, who have conspired together to defraud creditors and avoid liabilities.

The Association seeks documentation regarding the structure, ownership, and financial affairs of Sehal, as well as correspondence between its manager(s) and other interested parties to determine if any improper actions or additional fraudulent conveyances have taken place.

As a secured creditor who holds a statutory lien on all of the Debtors' units at the Worthington Condominium, the Association is entitled to the information sought, and requests that this Court grant this Motion.

## II. ANALYSIS

Bankruptcy Rule 2004 provides in relevant part:

(a) <u>Examination on Motion</u>.  On motion of any party in interest, the court may order the examination of any entity.
(b) <u>Scope of Examination</u>.  The examination of an entity under this rule ... may relate only to the acts, conduct, or property

>> or liabilities and financial condition of the debtor, or to any other matter which may affect the administration of the debtor's estate, ….
>
> (c) <u>Compelling Attendance and Production of Documentary Evidence</u>. The attendance of an entity for examination and for the production of documents ... may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial….

Fed. R. Bankr. Proc. 2004.

"It is well-established that the scope of a *Rule 2004* examination is very broad and great latitude of inquiry is ordinarily permitted." *In re GHR Energy Corp.* 35 B.R. 534, 537 (Bankr. D. Mass. 1983); In<u> re Mittco, Inc.</u>, 44 B.R. 35, 36 (Bankr. E.D. Wis. 1984). "The scope of the examination permitted pursuant to Rule 2004 is wider than that allowed under the Federal Rules of Civil Procedure and can legitimately be in the nature of a 'fishing expedition.'" <u>In re J. Bradley Fearn</u>, 96 B.R. 135, 137 (Bankr. E.D. Ohio 1989) (citations omitted).

The Association seeks specifics regarding the structure and ownership of Sehal, as well as communications between WCP, WGH, Sehal III, LLC and other interested individuals and entities, and financial information from Sehal since its inception, to the present. These documents have the potential to effect both the Association's lien priority, as well as evidence impropriety on behalf of the Debtors.

The Association has been unsuccessful in obtaining this information informally, or through the State Court Action, as Sehal strenuously objected to the Association's efforts to obtain any information regarding their financial affairs or inner workings. Therefore, the Association requests a court order allowing it to serve a subpoena upon Sehal which formally requests documents and to permit the oral examination of Sehal's manager(s).

## **REQUESTED RELIEF**

1. The Association seeks an order which requires Sehal, upon proper service of a subpoena and a copy of the order:

(i) to produce documents pursuant to the document request set forth in Exhibit "A" attached hereto, not later than ten (10) days following service thereof (unless otherwise agreed or ordered by the court);

(ii) to designate a representative(s), pursuant to Bankruptcy Rule 7030(b)(6), to give testimony regarding the areas of inquiry set forth in Exhibit "B" attached hereto, not later than fifteen (15) days following service thereof (unless otherwise agreed or ordered by the court).

The Association requests that the court inquire into and grant its motion.

Respectfully submitted this 25th day of April, 2018.

                                        POOLE HUFFMAN, LLC

                                      /s/ *Jon David W. Huffman*
                                      Jon David W. Huffman

Georgia Bar No. 937966
Scott B. McMahan
Georgia Bar No. 706240
Timothy J. Guilmette
Georgia Bar No. 624309
315 W. Ponce de Leon Ave.
Suite 344
Decatur, GA 30030
(404) 373-4008
jondavid@poolehuffman.com
scott@poolehuffman.com
tim@poolehuffman.com

*Attorneys for Worthington
Condominium Association, Inc.*

# **EXHIBIT A**

## **SCHEDULE OF DOCUMENTS TO BE PRODUCED**

## **INSTRUCTIONS AND DEFINITIONS**

### **I.     INSTRUCTIONS**

1. This request shall not be deemed to call for identical copies of documents. A document with handwritten notes, editing marks, or any other mark which differentiates the documents shall not be deemed identical to one without such modifications, additions or deletions.

2. Each document produced pursuant to this request is to be identified in such production by the paragraph of the request with respect to which it is produced.

3. If Sehal does not produce any document because of a claim of privilege or protection, state the nature of the privilege or protection claimed, and identify the document by stating:

a. all persons or entities preparing and receiving such document(s);

b. the date of such document(s);

c. the general subject matter of such document(s); and

d. a brief statement of facts upon which you rely to support the claim of privilege or protection.

4. Whenever a requested document or file or group of documents or files are kept or found in a file, file drawer, file box or other place, before the same is produced, attach thereto a label, number or title on the file, the file drawer, file box or other place from which the document or file was found or removed.

5. Any documents that exist in electronic form are specifically requested to be produced in native or near-native formats, unless it is necessary to translate certain documents and data compilations into a reasonably useable form. Documents should not be converted to an imaged format (e.g. .TIFF or .PDF) unless such document must be redacted to remove privileged content, or the document does not exist within your care, custody, or control in a native electronic format. Native format requires production in the same format in which the information was customarily created, used, and stored by you. The table below supplies examples of the native or near-native forms in which specific types of electronically stored information (ESI) should be produced:

| SOURCE ESI | NATIVE (OR NEAR-NATIVE) FORM(S) SOUGHT |
|---|---|
| Microsoft Word documents | .DOC, .DOCX |
| Microsoft Excel Spreadsheets | .XLS, .XLSX |
| Microsoft PowerPoint Presentations | .PPT, .PPTX |

| | |
|---|---|
| Microsoft Access Databases | .MDB |
| WordPerfect documents | .WPD |
| Adobe Acrobat Documents | .PDF |
| Photographs | .JPG |
| E-mail | Messages should be produced to preserve and supply the source RFC 2822 content of the communication and attachments in a fielded, electronically searchable format. For Microsoft Exchange or Outlook messaging, .PST format will suffice. Single message production formats like .MSG or .EML may be furnished, if source folder data is preserved and produced. If your workflow requires that attachments be extracted and produced separately from transmitting messages, attachments should be produced in their native forms with parent/child relationships to the message and container(s) preserved and produced. |

| Databases (excluding e-mail systems) | Unless the entire contents of a database are responsive, extract responsive content to a fielded and electronically searchable format preserving metadata values, keys, and field relationships. If doing so is not feasible, please identify the database and supply information concerning the schemas and query language of the database, along with a detailed description of its export capabilities, to enable Plaintiffs to develop a query sufficient to identify, extract, and export responsive data. |
|---|---|

6. These requests for production of documents shall be deemed continuous, and require supplementation with information acquired after the response as if a supplemental request was served.

II. **DEFINITIONS**

As used herein, the following words and terms shall have the following definitions:

1. "Document" or "documents" is used in its broadest sense, and shall mean all tangible items and all electronic, written, printed, typed, recorded, transcribed, punched, taped, or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated, or made, including, but not limited to, writings, records, correspondence, communications, letters, diaries, diary entries, logs, schedules, contracts, cost reports, payroll ledgers, telegrams, telexes, memoranda, notes, reports, bulletins,

summaries, or other records of telephone or personal conversations, minutes or summaries of telephone or personal meetings and conferences, instructions, literature, work assignments, agreements, subcontracts, interoffice or intraoffice communications, electronic mail, microfilm, notebooks, calendars, appointment books, circulars, pamphlets, projections, studies, estimates, charts, lists, tables, computer runs, tabulations, printouts, notices, books, checks, credit card vouchers, statements of account, receipts, invoices, graphs, photographs, photocopies, drafts, data sheets, data compilations, computer data compilations, statistics, worksheets, speeches or other writings, and tape recordings, and shall mean the original, copy, or any non-identical copy or draft version, regardless of origin or location.

2.     All terms used are given the meaning as defined in Plaintiff's Complaint filed in the State Court Action.

3.     As used herein, the term "Debtors" or any synonym thereof, is intended to and shall include and embrace, WC Prime Investors, LLC and Worthington Georgia Holdings, LLC, their members, officers, directors, agents, managers, representatives, attorney's, employees and all others who act on behalf and at the direction of WC Prime Investors, LLC and Worthington Georgia Holdings, LLC.

4.     As used herein, the terms "Sehal," "you," or "your" or any synonym thereof, is intended to and shall include and embrace, Sehal III, LLC, its members,

officers, directors, agents, managers, representatives, attorney's, employees and all others who act on behalf and at the direction of Sehal.

5.  The term "Worthington Condominium" shall mean and refer to the Worthington Condominium located in Cobb County, Georgia, containing all that land and property identified and subject to the Declaration of Condominium for Worthington Condominium, recorded in Deed Book 13594, Page 2691, *et seq.*, of the Cobb County, Georgia land records, as amended or supplemented.

6.  Any undefined terms shall be defined by the Federal Rules of Civil Procedure, Federal Rules of Evidence, or common usage.

## DOCUMENTS REQUESTED

The documents and things to be produced are to be as follows:

1.  Any and all records, documents, memoranda, promissory notes, loan files, letters of credit, deeds to secure debt, contracts, notes, and correspondence evidencing any and all debt or other financial obligations owed to Sehal III, LLC by the Debtors, Samuel Lloyd, Unit 1962-540, LLC, and any of their affiliated entities or persons.

2.  Any and communications, emails, letters, and other forms of written or electronic communications and all other documents evidencing any form of contractual or other legal relationship between Sehal III, LLC and the Debtors or any of their affiliated entities, including without limitation, WH2, Inc., Tax Relief

Investments, L.P., Samuel Lloyd, Braintree Holdings 26, LLC, Stuart Sylvester, Eric Reaves, Terry Cornett, Lawrence Forrester, Michael Swinehart, GMNC Investments, LLC, NTD1, Inc., Unit 1962-540, LLC and Home Team, Inc.

3. Any and all records, documents, memoranda and correspondence, which evidence or relate to the ownership of Sehal, including without limitation, operating agreements, membership list, articles of organization, charters, membership agreements, bylaws, certificates of ownership, and all versions of such documents, in native form, including all drafts, deletions, revisions, and final versions, for the period since Sehal's inception to the present.

4. All account records, statements, balances, and other tangible or electronic documents evidencing current account balances for amounts owed to Sehal, from the Debtors.

5. Any and all records, documents, memoranda, statements, withdrawal tickets, completed wire notifications, draw requests, cancelled checks, memos of account, and IRS Forms 4789, and all other documents evidencing payments, draws, or other forms of disbursements from Sehal to or on behalf of the Debtors or any of their affiliated persons or entities, including without limitation, WH2, Inc., Tax Relief Investments, L.P., Samuel Lloyd, Braintree Holdings 26, LLC, Stuart Sylvester, Eric Reaves, Terry Cornett, Lawrence Forrester, Michael Swinehart, GMNC Investments, LLC, NTD1, Inc., Unit 1962-540, LLC and Home

Team, Inc.

6. All supporting documents relied on by Sehal in making decisions to lend money to the Debtors, Braintree Holdings 26, LLC, Unit 1962-540, LLC, Samuel Lloyd and any of their affiliated persons or entities, including but not limited to Federal and State tax returns, financial statements, revenue and expense reports, rental projections, credit reports and ratings, schedules of assets and liabilities, personal guarantees, bank verifications, officers notes, operating agreements, corporate resolutions and other similar documentation.

7. A list of all other entities or persons Sehal has lent money to since its inception.

8. Any and all correspondence, emails, letters, text messages or other communications in native tangible or electronic form between Sehal and the following persons and entities, including their directors, officers, agents, members, and representatives, pertaining to loans, debt, advances, lending, and financing granted by Sehal to the Debtors, Unit 1962-540, LLC, and any of their affiliated persons or entities:

    a. WH2, Inc.

    b. WC Prime Investors, LLC

    c. Worthington Georgia Holdings, LLC

    d. Worthington Condominium Association, Inc.

e. Unit 1962-540, LLC

f. John Eric Reaves a/k/a Eric Reaves

g. Samuel Lloyd

h. Stuart Sylvester

i. Satilla Capital Partners, LLC

j. Bradford Properties, Inc.

k. Lawrence Forester

l. Michael Swinehart

m. Terry Cornett

n. Tax Relief Investments, LP

o. Debt Resolutions Services, Inc.

p. Home Team, Inc.

q. NTD1, Inc.

r. Stuart Sylvester as Trustee for of the Worthington R12 Trust Dated August 23, 2012

s. WCA Special Services, LLC

t. Goodrich Booth Pratt a/k/a GB Pratt

u. Thomas Roberts

v. Braintree Holdings 26, LLC

w. Edward F. Preston

    x. Coleman Talley, LLP

  9. Any and all agreements, contracts, letters of intent, and statements of understanding or other tangible and electronic documents evidencing contractual relationships or agreements by and between Sehal and any of the persons or entities identified in request number 8 above.

  10. Any and all statements, documents, analysis, opinion letters, and guarantees provided by Sehal to any lender, financial institution, or financier regarding the Debtors, Samuel Lloyd, Unit 1962-540, LLC, and any of their affiliated entities or persons.

# EXHIBIT B

## Matters on Which Examination Is Requested, Pursuant to Fed. R. Bankr. P. 7030 & Fed. R. Civ. P. 30(b)(6)

1. The documents requested in Exhibit A.

2. The ownership, nature, and structure of Sehal III, LLC.

3. The management of Sehal III, LLC.

4. Sehal III, LLC's interest in Worthington Georgia Holdings, LLC, WC Prime Investors, LLC and Unit 1962-540, LLC.

5. The security deeds, promissory notes, and other agreements entered into by Sehal III, LLC and the Debtors and Unit 1962-540, LLC.

6. Loans from Sehal III, LLC, distribution of proceeds and other distributions from Sehal III, LLC to the Debtors and their affiliated entities and persons.

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the **MOTION BY WORTHINGTON CONDOMINIUM ASSOCIATION, INC., FOR RULE 2004 ORDER REQUIRING PRODUCTION OF DOCUMENTS OF SEHAL III, LLC** using the CM/ECF system, which will automatically send an email notification of such filing to the parties reflected on the following distribution list:

This the 23rd day of April, 2018.

POOLE HUFFMAN, LLC

/s/ *Jon David W. Huffman*
Jon David W. Huffman
Georgia Bar No. 937966
Scott B. McMahan
Georgia Bar No. 706240
Timothy J. Guilmette
Georgia Bar No. 624309
315 W. Ponce de Leon Ave.
Suite 344
Decatur, GA 30030
(404) 373-4008
jondavid@poolehuffman.com
scott@poolehuffman.com
tim@poolehuffman.com

*Attorneys for Worthington Condominium Association, Inc.*

## DISTRIBUTION LIST

| | | |
|---|---|---|
| Shawn D. Stafford, Esq.<br>Neel, Robinson & Stafford, LLC<br>5555 Glenridge Connector<br>Suite 400<br>Atlanta, Georgia 30342<br>*Attorney for SEHAL III, LLC*<br>shawn.stafford@nrs.law | Office of the U.S. Trustee<br>362 Richard B. Russell Building<br>75 Ted Turner Drive, SW<br>Atlanta, Georgia 30303<br>USTP.Region21@usdoj.gov<br>ustpregion21.at.ecf@usdoj.gov | Baldwin Crest Group, LLC<br>570 Piedmont Ave, NE<br>Atlanta, GA 30308 |
| Braintree Holdings 26, LLC<br>675 Ponce de Leon, Ave, NE<br>Suite 8500<br>Atlanta, GA 30308 | Cobb County Tax Commissioner<br>736 Whitlock Ave<br>Marietta, GA 30064 | Edward F. Preston, Esq.<br>Coleman Talley, LP<br>3475 Lenox Rd, NE, Ste. 400<br>Atlanta, GA 30326<br>ed.preston@colemantalley.com |
| Georgia Department of Revenue<br>Compliance Division, ARCS<br>Bankruptcy<br>1800 Century Blvd, NE, Ste. 9100<br>Atlanta, GA 30345 | Internal Revenue Service<br>COI<br>P.O. Box 7346<br>Philadelphia, PA 19104 | Ken Blankenship<br>6207 Costa Lanier Ln<br>Flowery Branch, GA 30542 |
| Lindsay P. S. Kolba, Esq.<br>Office of U.S. Trustee, Ste. 362<br>75 Ted Turner Dr., S.W.<br>Atlanta, GA 30303<br>lindsay.p.kolba@usdoj.gov | Daniel M. McDermott<br>United States Trustee, Ste. 362<br>75 Ted Turner Dr., S.W.<br>Atlanta, GA 30303 | Sam Lloyd<br>675 Ponce de Leon Ave., NE<br>Suite 8500<br>Atlanta, GA 30308 |
| Secretary of the Treasury<br>15th & Pennsylvania Ave., NW<br>Washington, DC 20200 | Sehal III, LLC<br>1718 Peachtree St., NW, Ste. 276<br>Atlanta, GA 30309 | ServPro<br>3850 Canton Rd., Ste. 3114<br>Marietta, GA 30066 |
| U.S. Securities and Exchange Commission<br>Office of Reorganization, Ste. 900<br>950 East Paces Ferry Rd, NE<br>Atlanta, GA 30326 | Venture South Development II, LLC<br>4485 Tench Rd., SE, Ste. 1220<br>Suwanee, GA 30024 | Veritext Corp.<br>c/o Corp. Service Company<br>0 Technology PKWY South #300<br>Norcross, GA 30092 |
| WH2, Inc.<br>1960 Spectrum Circle, Unit 100<br>Marietta, GA 30067 | Worthington Georgia Holdings, LLC<br>1960 Spectrum Circle, Unit 100<br>Marietta, GA 30067 | Georgia Department of Revenue<br>Bankruptcy Section<br>P.O. Box 161108<br>Atlanta, GA 30321 |

| Tania Trumble, Esq.<br>McLain Merritt<br>3445 Peachtree Rd.<br>Suite 500<br>Atlanta, GA<br>ttrumble@mmatllaw.com | Jeff Golomb, Esq.<br>Gomez & Golomb, LLC<br>270 Carpenter Dr.<br>Suite 200<br>Atlanta, GA 30328<br>jeff@gandglegal.com | WC Prime Investors, LLC<br>1960 Spectrum Circle, Unit 100<br>Marietta, GA 30067 |
|---|---|---|
| Paul M. Alexander, Esq.<br>William A. DuPrè, IV, Esq.<br>Miller & Martin, PLLC<br>1180 West Peachtree St NW,<br>Suite 2100<br>Atlanta, GA 30309<br>bill.dupre@millermartin.com<br>paul.alexander@millermartin.com | Heather D. Brown, Esq.<br>Brown Law, LLC<br>138 Bulloch Avenue<br>Roswell, Georgia 30075<br>heather@hdbrownlaw.com | Will B. Geer, Esq.<br>Wiggam & Geer, LLC<br>333 Sandy Springs Circle, NE<br>Suite 225<br>Atlanta, Georgia 30328<br>wgeer@wiggamgeer.com |