# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>WC PRIME INVESTORS, LLC and WORTHINGTON GEORGIA HOLDINGS, LLC,<br><br>    DEBTORS. | Chapter 11<br>Jointly Administered Under<br><br>Case No. 18-52904-LRC |
| WORTHINGTON CONDOMINIUM ASSOCIATION, INC.,<br><br>    MOVANT,<br><br>v.<br><br>SAMUEL LLOYD et al.,<br><br>    RESPONDENTS. | CONTESTED MATTER |

### OBJECTION TO MOTION FOR RULE 2004 EXAMINATION OF LAWRENCE FORESTER, JOHN ERIC REAVES, STUART SYLVESTER AND MIKE SWINEHART

Respondents Lawrence Forester ("Mr. Forester"), John Eric Reaves ("Mr. Reaves"), Stuart Sylvester ("Mr. Sylvester") and Mike Swinehart ("Mr. Swinehart") (collectively referred to herein as the "Respondents") file this Objection to the Motion for Rule 2004 Examinations [Doc. No. 94] (the "Motion") filed by Worthington

Condominium Association, Inc. ("WCA") and, in support thereof, show this Court as follows:

## FACTUAL BACKGROUND

1. In February 2016, WCA, through its representative members - Owners Jim Leveritt and G.B. Pratt - signed a Release of Claims in favor of Mr. Reaves as a member of the Board of Directors to resolve all past, present, and future disputes between the parties and all claims by WCA whether known or unknown. The Release is based on valuable consideration, including an exchange of money and property and a covenant not to sue, and is for the benefit of Mr. Reaves, in both his official and personal capacities, as well as each of his companies, affiliates, partners, agents, lenders, investors and other related individuals and entities. The breadth of the Release extends not only to other Respondents but also to the Debtors. The Release further requires Mr. Reaves to keep confidential any matters relating to the claims addressed therein, which would prohibit the testimony WCA seeks in the Motion. A true and complete copy of the Release is attached hereto as Exhibit A and incorporated herein.

2. Despite the existence of the Release, on September 25, 2017, WCA filed a *Verified Complaint for Racketeering, Temporary Restraining Order and Injunctive Relief, Conspiracy, Fraud, and Other Legal and Equitable Relief* (the "Complaint") in the Superior Court of Cobb County Georgia against each of the

Respondents, WC Prime Investors, LLC ("WC Prime"), Worthington Georgia Holdings, LLC ("WGH") (collectively the "Debtors"), and numerous other individuals and entities, which was assigned Civil Action File No. 17-1-07272 (the "State Court Litigation").

3. The State Court Litigation is presently stayed pursuant to the *Order Granting Motions to Stay* entered in the State Court Litigation on April 26, 2018 (the "Stay Order"). Prior to entry of the Stay Order, the Respondents filed answers in the State Court Litigation denying WCA's claims against them.

4. Prior to filing the Motion, WCA filed motions under Bankruptcy Rule 2004 with respect to WC Prime [Doc. No. 25], WGH [Doc. No. 26], Braintree Holdings [Doc. No. 35], and SEHAL III, LLC [Doc. No. 66]. Braintree Holdings 26, LLC ("Braintree") and SEHAL III, LLC ("SEHAL") have objections to WCA's motions pending before this Court [Doc. Nos. 75 and 83].

5. WCA now asks this Court to ignore the effect of the previously bargained for Release of Claims and allow it to use Bankruptcy Rule 2004 to obtain broad and unrestricted examinations of each of the Respondents to develop its claims against them in the State Court Litigation, which this Court should neither tolerate nor permit.

## **OBJECTIONS**

6. Respondents object to the Motion on the grounds that it is factually incorrect, based on speculative claims, duplicative, unnecessary, unduly burdensome and seeks the disclosure of confidential, privileged or other protected information relating to third party entities not presently before this Court. Respondents further object to the Motion on the grounds that WCA has not shown good cause as to why any of them should be required to expend time and financial resources to provide testimony to WCA in this Chapter 11 case. Respondents provide further support for their objections to the Motion below.

7. WCA incorrectly represents to this Court that the individual Respondents are either affiliates or insiders of either of the Debtors or Braintree. WCA has no information to support such speculation. Rather, WCA makes the allegations to try and use this Court as a forum to obtain discovery from the Respondents relating to the claims WCA has made against them in the State Court Litigation during the stay of that case. Moreover, WCA previously obtained orders granting its requests for a 2004 examination of the Debtors [Doc. No. 68] and Braintree [Doc. No. 69].[1] To the extent WCA is entitled to any documents or testimony regarding the ownership of or affiliations with Braintree or the Debtors, then WCA will have the information it is seeking from the Respondents in the Motion.

8. The Motion is replete with speculation regarding the possible "automatic reversion" of the ownership of WGH from Braintree to WH2 due to a "Triggering Event," which allegedly calls into question the "control" of WGH. See Motion, ¶¶ 7-15. Neither Mr. Sylvester nor any of the Respondents have made such a claim in the Chapter 11 case and any examination regarding this issue is premature. Moreover, any information WCA may be entitled to obtain regarding such speculative claims can be obtained directly from WGH or Braintree and none of the Respondents should be required to expend time or financial resources providing testimony regarding these allegations. Finally, WH2 could not take such a position without the involvement and approval of this Court as it would impact the ownership and control of a Chapter 11 debtor. Should WH2 assert such a position in the future, then WCA would have ample opportunity to respond to such action at that time.

9. In paragraph 13 of the Motion WCA makes it clear that it is seeking information relevant to its claims in the State Court Litigation by stating that it is entitled to examine the Respondents on the "substance and merit of their claims" in the State Court Litigation. Notably, none of the Respondents have asserted any claim against the Debtor in this case and the bar date has passed. Should either Debtor believe it is entitled to any recovery whatsoever from any of the Respondents, then it could make appropriate claims before this Court. Moreover, should there be a credible

---

[1]Braintree filed a *Motion to Quash, Objections, and in the Alternative Motion to Modify Rule*

basis for any of these speculative claims, then either of the Debtors could obtain any information it needs regarding any of the claims without the involvement of WCA.

10. WCA's allegations that WGH is responsible for indemnification of Mr. Sylvester and Mr. Swinehart is also based on speculation and are premature. See Motion ¶¶ 14-15. No such claims have been asserted against WGH in this case (and the bar date has passed). Should such claims be asserted in this Chapter 11 case, then WCA would have ample opportunity to respond to such claims at that time.

11. WCA's allegations regarding the alleged investigation in the GMNC Investments, LLC Chapter 7 case pending before this Court are exaggerated and are wholly irrelevant to the issues before the Court in this case. There is no reason for WCA to be permitted to explore its wildly speculative claims regarding GMNC Investments, LLC in this Chapter 11 case when the same claims will be addressed in either the Chapter 7 case or the State Court Litigation.

12. WCA provides no credible basis for its examination of any of the Respondents relating to their previous service on WCA's Board of Directors in this Chapter 11 case should such examination be permitted in light of the Release of Claims. WCA has brought numerous allegations and claims against the individual Respondents in the State Court Litigation. Indeed, in Paragraph 20 of its Motion it specifically acknowledges that it seeks information from the Respondents in support of

---

*2004 Order* on May 18, 2018 [Doc. No. 83], which remains pending before this Court.

its theories in the stayed State Court Litigation. As previously stated, this Court should not tolerate WCA's attempt to use the Rule 2004 examination process to further discovery in the State Court Litigation.

13. The Motion provides this Court with no credible basis for requiring any of the Respondents to provide testimony to WCA in the context of a Rule 2004 Examination. This Court should not permit WCA to use the Rule 2004 Examination process to obtain discovery from the Respondents without the limitations imposed by the rules of civil procedure (or during the stay of the State Court Litigation). None of the Respondents have asserted any claims whatsoever against either of the Debtors and the Debtors do not have any claims pending against any of the individual Respondents. Accordingly, there is no reason for any of the individual Respondents to be subject to a Rule 2004 Examination by WCA.

14. WCA seeks to impose unreasonable time constraints on the Respondents in making themselves available to give testimony, and Respondents further object to the Motion on that basis. Should this Court permit any examination of the Respondents, then they request that the examination be subject to reasonable limitations regarding relevance and that they be at a mutually agreeable date and time.

15. Respondents incorporate the legal arguments and authorities detailed in the objections filed by SEHAL and Braintree in response to WCA's motions for Rule

2004 Examinations of those entities as if those arguments were fully restated herein. See Doc. Nos. 75 and 83.

16. In the event WCA's broad motion seeks any testimony regarding confidential commercial information, privileged communications, or relating to confidential or proprietary information regarding the entities that any of the Respondents are affiliated with or have an interest in, then the Respondents object to the Motion on that basis and request that no such information be required from any of them absent an appropriate protective order.

17. None of the Respondents are asked to produce any documents in the Motion and each of them objects to any future attempt by WCA to request documents from them pursuant to Rule 2004.

WHEREFORE Respondents ask that this Court deny the Motion and grant them such other and further relief as this Court deems appropriate.

This 29th day of June 2018.

                                            Respectfully submitted,

                                            **BROWN LAW, LLC**

                                            /s/
                                            Heather D. Brown
                                            Georgia Bar No. 100169

138 Bulloch Avenue
Roswell, Georgia 30075
Telephone: (404) 994-4300
Email: heather@hdbrownlaw.com

# CERTIFICATE OF SERVICE

I, Heather D. Brown, certify that on the 29th day of June 2018, I electronically filed and served the foregoing **OBJECTION TO MOTION FOR RULE 2004 EXAMINATION OF LAWRENCE FORESTER, JOHN ERIC REAVES, STUART SYLVESTER AND MIKE SWINEHART** using the Court's CM/ECF system, which will deliver a copy to the all counsel of record and that I sent a copy by First Class Mail, postage prepaid, and addressed as follows:

Will B. Geer
Wiggam & Geer, LLC
333 Sandy Springs Circle, NE
Suite 225
Atlanta, Georgia 30328

Lindsay P.S. Kolba
Office of the United States Trustee
75 Ted Turner Drive, S.W.
Suite 362
Atlanta, Georgia 30303

Jon David W. Huffman
Scott B. McMahan
Timothy J. Guilmett
Poole Huffman, LLC
315 West Ponce de Leon Avenue
Suite 344
Decatur, Georgia 30030

Paul M. Alexander
Miller & Martin PLLC
1180 West Peachtree Street NW
Suite 2100
Atlanta, Georgia 30309-3407

Monica K. Gilroy
Matthew F. Totten
The Gilroy Firm
3780 Mansell Road
Suite 140
Alpharetta, Georgia 30022

William A. Rountree
Rountree & Leitman, LLC
2800 North Druid Hills Road
Building B, Suite 100
Atlanta, Georgia 30329

This 29th day of June 2018.

**BROWN LAW, LLC**

/s/
Heather D. Brown
Georgia Bar No. 100169